**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MICHAEL AUSTIN,<br><br>    Plaintiff,<br><br>v.<br><br>SPRING OAKS CAPITAL, LLC; ASPEN NATIONAL FINANCIAL, INC. DBA ASPEN NATIONAL COLLECTIONS; and TRANSUNION LLC,<br><br>    Defendants. | Case No.: 6:24-cv-572<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit**<br>    **Reporting Act** |

Plaintiff, Michael Austin, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.     INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II.     PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Orange, Florida.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendants, Spring Oaks Capital, LLC ("Spring Oaks") and Aspen National Financial, Inc. dba Aspen National Collections ("Aspen Collections") are and at all times relevant hereto were, lending institutions regularly doing business in the State of Florida.

5. At all times pertinent hereto, Defendants Spring Oaks and Aspen

Collections are a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendants Spring Oaks and Aspen Collections were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendants Spring Oaks and Aspen Collections are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Florida.

9. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Florida.

10. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

15. Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

### IV. FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate reporting by

Defendants Spring Oaks, Aspen Collections and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. TransUnion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20. Plaintiff discovered the Spring Oaks account SPRINGOAKCAP; Original Creditor: CELTIC BANK and the Aspen Collections account ASPEN COLL; Original Creditor: GRANDVIEW RESORT LAS VEGAS OA on their TransUnion consumer report in error (the "Accounts").

21. Plaintiff completed a Federal Trade Commission Identity Theft Report under penalty of perjury reporting the fraudulent information associated with the Accounts for investigation and prosecution.

22. The Defendants continue erroneously to report the Accounts with balance due and owing inclusive of late fees and penalties, and a derogatory status to which is a CRA and which report accounts on Plaintiff's consumer reports that do not belong to the Plaintiff.

23. The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

24. On or about January 23, 2024, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

25. Upon information and belief TransUnion forwarded Plaintiff's TransUnion Dispute to Defendants Spring Oaks and Aspen Collections.

26. Upon information and belief, Spring Oaks and Aspen Collections received notification of Plaintiff's TransUnion Dispute from TransUnion.

27. Upon information and belief, Spring Oaks and Aspen Collections verified the erroneous information associated with the Accounts to TransUnion.

28. Spring Oaks and Aspen Collections failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

29. TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

30. Upon information and belief, Spring Oaks and Aspen Collections failed to instruct TransUnion to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

31. TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's TransUnion Dispute.

32. At no point after receiving the TransUnion Dispute did Spring Oaks and Aspen Collections or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's TransUnion Dispute.

33. TransUnion relied on their own judgment and the information provided to them by Spring Oaks and Aspen Collections rather than grant credence to the information provided by Plaintiff.

34. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Accounts.

35. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

36. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

37. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

38. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

43. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

44. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

45. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – SPRING OAKS AND ASPEN COLLECTIONS
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

50. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

51. After receiving the TransUnion Dispute, Spring Oaks and Aspen Collections failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

52. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants Spring Oaks and Aspen Collections's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants Spring Oaks and Aspen Collections's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and inaction of Defendants Spring Oaks and Aspen Collections, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendants Spring Oaks and Aspen Collections's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendants Spring Oaks and Aspen Collections was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Spring Oaks and Aspen Collections pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

  C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

  D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

  E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this March 22, 2024.

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff